UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

ANDRE D. SMALLEY, JR.                                              PLAINTIFF

VS.                          4:17-CV-00282-BRW-JTR

CHARLES "DOC" HOLLADAY                                             DEFENDANT

## RECOMMENDED DISPOSITION

The following Recommended Disposition (ARecommendation@) has been sent to United States District Judge Billy Roy Wilson. Any party may file written objections to this Recommendation. Objections must be specific and include the factual or legal basis for disagreeing with the Recommendation. An objection to a factual finding must specifically identify the finding of fact believed to be wrong and describe the evidence that supports that belief.

An original and one copy of the objections must be received in the office of the United States District Clerk within fourteen (14) days of this Recommendation. If no objections are filed, Judge Wilson can adopt this Recommendation without independently reviewing all the evidence in the record. By not objecting, you may also waive any right to appeal questions of fact.

## I.  Introduction

Plaintiff Andre D. Smalley, Jr. ("Smalley") has filed this *pro se* § 1983 action alleging that, while he was detained in the Pulaski County Regional Detention Facility ("PCRDF"), Defendant Doc Holiday ("Holiday"):  (1)  violated his due process rights by indefinitely confining him in administrative segregation without cause or meaningful reviews;  (2)  subjected him to cruel and unusual punishment by depriving him of the ability to exercise inside or outside of his administrative segregation cell;  and (3)  violated his equal protection rights by refusing to return him to general population based on his good behavior while returning others, similarly situated, back to general population. *Docs. 2 & 6*.

Smalley seeks $1,000,000 in punitive damages and injunctive relief in the form of release from administrative segregation.

Holladay has filed a Motion for Summary Judgment, a Brief in Support, and a Statement of Undisputed Facts. [1]  *Docs. 17-19.*  Smalley has filed a one-page Response. *Doc. 81*.

---

[1] Summary judgment is appropriate when the record, viewed in a light most favorable to the nonmoving party, demonstrates that there is no genuine dispute as to any material fact, and the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 249-50 (1986). The moving party bears the initial burden of demonstrating the absence of a genuine dispute of material fact. *Celotex*, 477 U.S. at 323. Once that has been done, the nonmoving party must present specific facts demonstrating that there is a material dispute for trial. *See* Fed R. Civ. P. 56(c); *Torgerson v. City of Rochester*, 643 F.3d 1031, 1042 (8th Cir. 2011).

Before reaching the merits of Holladay's Motion for Summary Judgment, the Court will review the relevant undisputed facts giving rise to Smalley's claims.

1. On December 29, 2015, Smalley was booked into the Pulaski County Regional Detention Facility ("PCRDF") to be held for the United States Marshals Service in connection with a then pending federal charge. Ballard Aff., *Doc. 18-1 at 1*, 9.

2. On July 27, 2015, Smalley pled guilty to first degree battery in Pulaski County Circuit Court, Case CR 2015-1370.[2] *Id.*, *Doc. 18-1 at 2*, 9.

3. On August 5, 2016, Smalley requested to be moved from general population to administrative segregation for his own safety and the safety of other inmates. As a result, Smalley was placed in administrative segregation. *Doc. 18 at ¶¶ 28-29*.

4. For 120 days, between August 5, 2016 and April 27, 2017, the day Smalley filed the Complaint in this case, he was held in administrative segregation

---

[2] As of July 27, 2015, Smalley was convicted and ceased to be a pretrial detainee. He was not sentenced for this conviction until January of 2018. However, this delay in sentencing is irrelevant to his status as a pretrial detainee, which ended when he was convicted. *See Whitnack v. Douglas County*, 16 F.3d 954, 957 (8th Cir. 1994) (Eighth Amendment governed plaintiff's claim when, at the time of the alleged unconstitutional conditions of confinement, "he had been convicted of a crime," but was awaiting sentencing)

at PCRDF.  During the remainder of this period, he was held in punitive isolation for various disciplinary violations.³  *Doc. 18-1 at ¶¶ 13-14*.

5. While in administrative segregation, Smalley was allowed out of his cell one hour per day.  *Doc. 5 at p. 1*.

6. At all times relevant to Smalley's allegations in this lawsuit, the decision to continue Smalley's placement in administrative segregation was made by the Pulaski County Sheriff's Office ("PCSO") Classification Board.  The Classification Board was responsible for reviewing Smalley's inmate classification status and making decisions on Smalley's requests to be returned to general population.  *Doc. 18 at ¶ 4*;  Policy, *Doc. 18-1 at pp. 12-16*.

7. Consistent with the written policy, the PCSO Classification Board conducted weekly reviews of Smalley's classification status and allowed Smalley to appear in person every thirty days to present his case for a change in classification status.  On eight separate occasions, Smalley appeared before the Classification

---

³ Between August 5, 2016 and April 27, 2017, Smalley engaged in various kinds of misconduct that led to him being moved from administrative segregation to punitive isolation on six separate occasions. According to the Affidavit of Robin Ballard, PCRDF's Legal/Administrative Sergeant, in each instance Sullivan received a disciplinary notifying him of the charges and was found guilty by a hearing officer following a disciplinary hearing. Aff. of R. Ballard, *Doc. 18-1 at ¶¶ 19-28; 31-37*.

Because Smalley's Complaint is limited to the deprivations he was subjected to while in *administrative segregation*, it is unnecessary to discuss the details of Smalley's multiple rule violations that caused him to be assigned to punitive isolation for 153 days.

Board to advocate for his release from administrative segregation and return to the general population. *Doc. 18 at ¶¶ 5-7, 25-27*.

8. On March 28, 2017, Smalley threatened a staff member. As a result, he was placed on "full restraints" status. *Doc. 18 at ¶ 52*.

9. On April 6, 2017, Smalley appeared before the Classification Board for a status review. The Classification Board decided that Smalley would remain on "full restraints" status. Smalley appealed the board's decision, which was upheld by Lieutenant Nelson. *Doc. 18 at ¶¶ 53-54*.

## II. Discussion

### A. Official Capacity Claim Only

Smalley's § 1983 claims are only being asserted against Sheriff Doc Holladay "in his official capacity." *Doc. 2 at 2*. As a matter of law, the official capacity claims Smalley is asserting against Holladay must be construed as claims against his employer, Pulaski County. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985) ("[A]n official-capacity suit is, in all respects other than name, to be treated as a suit against the entity."). A claim against a county is sustainable "only where a constitutional violation has been committed pursuant to an official custom, policy or practice." *Luckert v. Dodge County*, 684 F.3d 808, 820 (8th Cir. 2012) (*citing Monell v. Dept. of Soc. Servs.*, 436 U.S. 658, 691-94 (1978)). Importantly, the official policy,

custom or practice must be the "cause of" or "moving force behind" the constitutional violation. *Id*.

There are no allegations that Holladay, the sole Defendant in this case, had any direct involvement in the facts giving rise to Smalley's claims. Thus, the sole focus of this case is whether the application of an official custom, policy or practice of the PCSO violated Smalley's constitutional rights.

### B.   Due Process Claim

Smalley contends that he remained in administrative segregation too long and was "not given the chance to work [his] way back to general population." *Doc. 5 at 1*. While in administrative segregation, certain of Smalley's privileges, including the ability to smoke, watch television, and exercise were restricted or eliminated.

"In order to prevail on a Fourteenth Amendment due process claim, [the plaintiff] must first demonstrate that he was deprived of life, liberty, or property by government action." *Phillips v. Norris*, 320 F.3d 844, 846 (8th Cir. 2003). "To prevail on such a claim based on prison housing, an inmate must show that the segregation created an 'atypical and significant hardship on him in relation to the ordinary incidents of prison life' to demonstrate that his liberty interest was curtailed." *Rahman X v. Morgan*, 300 F.3d 970, 973 (8th Cir. 2002) (alteration omitted) (quoting *Sandin v. Conner*, 515 U.S. 472, 484 (1995)). Only when a liberty interest is implicated is it necessary to even assess whether the process that the

inmate received satisfied constitutional minimums. *Clark v. Brewer*, 776 F.2d 226, 232 (8th Cir. 1985).

Before filing this lawsuit, Smalley was in administrative segregation for approximately 120 days, or four months. The Eighth Circuit Court of Appeals has held that much longer periods in administrative segregation, with a corresponding loss of privileges, do *not* implicate a liberty interest triggering due process protections. *See Orr v. Larkins*, 610 F.3d 1032, 1034 (8th Cir. 2010) (inmate was not deprived of liberty interest during nine months in administrative segregation); *Rahman X*, 300 F.3d at 974 (inmate's placement in administrative segregation for twenty-six months without a disciplinary charge or conviction and during which inmate could not watch television in his cell did not "demonstrate that his liberty interest was curtailed"); and *Furlough v. Brandon*, 2009 WL 4898418 (E.D. Ark. Dec. 15, 2009) (inmate plaintiff failed to state a due process claim after being assigned to administrative segregation for nearly nine months). Cf. *Williams v. Hobbs*, 662 F.3d 994, 998 (8th Cir. 2011) (concluding that 13-year confinement in administrative segregation triggered a liberty interest entitled to due process protection).

Accordingly, because the time Smalley spent in administrative segregation failed to trigger any due process protections,[4] the Court recommends that Smalley's due process claim be dismissed, with prejudice.

### C. Inhumane Conditions of Confinement Claim

Smalley alleges that he was subjected to the following inhumane conditions of confinement while he was in administrative segregation: (1) he was not allowed to exercise outside of his cell more than one hour per day; and (2) he was kept in full restraints during the one hour per day he was permitted out of his cell.

Pursuant to official policy, while in administrative segregation, Smalley was allowed out of his cell for one hour each day. During this one-hour period, Smalley was free to exercise. However, Smalley argues that he was unable to exercise during this one-hour period because he was "handcuffed the entire time." *Doc. 5*.

Holladay argues that Smalley was only required to be handcuffed, when out of his cell, *after* he physically threatened a PCRDF deputy, on March 28, 2017. *Doc. 18 at ¶ 52*. Smalley does not dispute these facts, as set forth in Sergeant Ballard's

---

[4] Thus, it is unnecessary to address whether the process that Smalley received was constitutionally adequate. However, it is undisputed that, under the written policy Smalley is challenging, his segregation status was reviewed weekly and Smalley appeared before the Classification Board eight times to attempt to convince the Board to allow him to return to general population. Smalley does not allege, must less present any evidence, to suggest that the process he was provided, which was in accordance with PCSO policy, failed to satisfy constitutional requirements.

Affidavit. Thus, Smalley was only placed in restraints, while outside his cell in administrative segregation, from March 28 to April 27, 2017, a total of thirty days.

The Supreme Court has clarified that, because the "Constitution does not mandate comfortable prisons," only "extreme deprivations" that deny "the minimal civilized measure of life's necessities are sufficiently grave to form the basis" of an Eighth Amendment violation. *Hudson v. McMillian*, 503 U.S. 1, 9 (1992); *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981). Thus, to proceed to trial on his inhumane conditions of confinement claims, Smalley must have evidence demonstrating that: objectively, he was subjected to conditions that created a substantial risk of serious harm to his health or safety; and (2) subjectively, prison officials, acting pursuant to policy or practice, were deliberately indifferent to the risk of harm posed by those conditions. *Davis v. Oregon Cnty.*, Mo., 607 F.3d 543, 548-49 (8th Cir. 2010); *Butler v. Fletcher*, 465 F.3d 340, 345 (8th Cir. 2006).

"Lack of exercise may be a constitutional violation if one's muscles are allowed to atrophy or if an inmate's health is threatened." *Wishon v. Gammon*, 978 F.2d 446, 449 (8th Cir. 1992). The Eighth Circuit has held that permitting an inmate to exercise as little as three hours per week is not a *per se* violation of the Eighth Amendment. *Hosna v. Groose*, 80 F.3d 298, 306 (8th Cir. 1996). *Cf. Fogle v. Pierson*, 435 F.3d 1252, 1260 (10th Cir. 2006) ("[A] factfinder might conclude that the risk of harm from three years of deprivation of any form of outdoor exercise was

9

obvious and that DOC official disregarded that risk by keeping Fogle in administrative segregation").

Viewed *objectively*, the fact that restraints placed limitations on Smalley's ability to exercise during the thirty days he wore them for the one hour daily he was allowed outside his cell, cannot support a claim that he was subjected to conditions that created a substantial risk of serious harm to his health or safety. Nor will the same facts, viewed *subjectively*, permit a finding that Holladay, in supervising the implementation of the PSCO's official policy, acted with deliberate indifference to a known risk of harm to Smalley.

Accordingly, the Court recommends that Smalley's conditions of confinement claim be dismissed, with prejudice.

### D. Equal Protection Claim

Smalley contends that Holladay violated his equal protection rights by refusing to allow Smalley to return to general population while allowing other similarly situated inmates in administrative segregation to do so. To prevail on this claim, Smalley must demonstrate that "(1) persons who are similarly situated [were] treated differently by the government, and (2) [that] the government [has failed] to provide a rational basis for the dissimilar treatment." *Hosna*, 80 F.3d at 304.

Smalley fails to present *any* evidence in support of this conclusory allegation. He identifies no other inmate who was even arguably similarly situated to him, but

treated more favorably.  Smalley's "mere allegations, unsupported by specific facts or evidence beyond [his] own conclusions" are insufficient to withstand a motion for summary judgment.  *Thomas v. Corwin*, 483 F.3d 516, 527 (8th Cir. 2007).

### III.   Conclusion

IT IS THEREFORE RECOMMENDED THAT Defendant Hollady's Motion for Summary Judgment *(Doc. 17)* be GRANTED, and all of Smalley's claims against him be DISMISSED, WITH PREJUDICE

Dated this 5th day of October, 2018.

_____
UNITED STATES MAGISTRATE JUDGE